UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE CALHOUN,

                Plaintiff,                Case Number 07-11613
                                              Honorable David M. Lawson
v.                                                   Magistrate Judge Michael Hluchaniuk

LAVERN HILL, DIANA MARBLE, JULIE
VAN SETTERS, OTF, and CORRECTIONAL
MEDICAL SERVICE, INC.,

                Defendants,
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING
IN PART AND SUSTAINING IN PART DEFENDANTS' AND PLAINTIFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION, GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTIONS
TO DISMISS, AND CONTINUING ORDER OF REFERENCE**

The matter is before the Court on the parties' objections to a report filed by Magistrate Judge Michael J. Hluchaniuk recommending that the certain motions to dismiss or for summary judgment filed by defendants Lavern Hill, Diana Marble, Julie Van Setters, OTF, and Correctional Medical Service, Inc. be denied in part and granted in part. The Court entered a general order of reference to conduct all pretrial matters, after which these defendants – all employees of the Michigan Department of Corrections plus the department's medical services contractor – filed their motions. Judge Hluchaniuk filed his report on August 19, 2009, and these defendants and the plaintiff filed timely objections. The matter is before the Court for a *de novo* review.

None of the parties objected to the magistrate judge's summary of the facts of the case. The Court will not repeat them, except to say that the plaintiff suffered a crush injury to the fourth finger on his left hand on April 18, 2006 while he was in custody at the Mound Correctional Facility. He

was taken to Detroit Receiving Hospital for treatment, where X-rays revealed a shattered finger and a physician prescribed pain medication. He says he was not given his medication when he returned to the prison, and later he was transferred to another prison, the Boyer Road Correctional Facility. While there, the plaintiff was seen by a nurse practitioner who referred the plaintiff to an orthopedic specialist for surgery to repair his damaged finger, but this referral was denied by personnel from Corrections Medical Service (CMS), the State's contract prison medical provider. The plaintiff alleges that he did not receive the necessary medical treatment and his finger now is permanently deformed.

After the plaintiff filed a series of grievances, he filed a complaint in this Court alleging a violation of his civil rights under 42 U.S.C. § 1983 based on his right under the Eighth Amendment to be free from cruel and unusual punishment. The complaint refers to two instances in which the defendant's actions violated his constitutional rights: the denial of his pain medication, and the refusal to provide him necessary surgery. The plaintiff believes that these actions constitute deliberate indifference to a serious medical need.

The defendants all moved to dismiss on the grounds that the plaintiff failed to exhaust his administrative remedies by properly pursuing the grievance process and naming the eventual defendants in the case. Defendants Correctional Medical Service, Inc. and its employee, Diana Marble, (the CMS defendants) also argue that the plaintiff's complaint fails to state a claim for relief because his allegations do not establish deliberate indifference to a serious medical need and he alleges nothing more than *respondeat superior* liability against CMS itself. The other defendants, "OTF" (which is the MDOC designator for the Boyer Road facility) and Lavern Hill and Julie Van Setters, MDOC employees (the MDOC defendants), also contend that plaintiff's complaint does not

plead claim for deliberate indifference to a serious medical need, and they add that they are entitled to Eleventh Amendment and qualified immunity.

The magistrate judge recommended that the defendants' motion to dismiss or for summary judgment be denied on exhaustion grounds. He reasoned that the plaintiff's failure to name the defendants in his grievances does not defeat his claim, as the prison did not reject his grievances for violating the procedural rule. He wrote that when the prison addresses on the merits a grievance, any claimed procedural defect not raised during the administrative process is waived and cannot form the basis of a failure to exhaust defense. He found that holding to be consistent with Supreme Court precedent, citing *Woodford v. Ngo*, 548 U.S. 81 (2006), and *Jones v. Bock*, 549 U.S. 199 (2007).

The magistrate judge also concluded that the plaintiff stated a cognizable claim against all the defendants except CMS and Van Setters, although he believed that the plaintiff should be allowed to amend his complaint against Van Setters. As noted above, all parties filed objections.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

I. Exhaustion

A. Defendant Marble's objections

Marble objects on the grounds that neither of the two grievances properly exhausted the process against her. She says Grievance No. NRF0605057012F could not have exhausted the plaintiff's claims against her because the plaintiff was incarcerated at another prison when he filed this grievance and Marble did not work at the Mound facility or treat the plaintiff while he was incarcerated there. She did not treat him until after the grievance was filed and the plaintiff was transferred. She contends that not only that the plaintiff did not name her, but the plaintiff could not be referring to her in his grievance.

She also believes that the plaintiff failed to file the grievance timely, so it is insufficient, and in that respect she disagrees with the magistrate judge's reading of *Woodford*.

The second grievance, OTF06080056112I, Marble insists, fails to exhaust because it does not mention Marble by name. More than that, however, "it is clear that Plaintiff was not grieving the actions or inactions of N.P. Marble." The grievance states that Marble recommended the referral but other CMS employees apparently denied it.

B. MDOC defendants' objections

Van Setters objects on the ground that her only involvement in the case was denying the plaintiff's grievance number OTF06080056112I, and therefore as a matter of logic her conduct could not have occurred until after the plaintiff filed his step-two grievance appeal.

In the second objection, the MDOC defendants take issue with the magistrate judge's conclusion that the plaintiff need not name every defendant. Hill and Van Setters believe they are entitled to dismissal because neither was identified by name in the plaintiff's grievance regarding

his desired finger surgery, and Van Setters was not named in the plaintiff's grievance regarding the pain medication. Van Setters also disagrees with the magistrate judge's reasoning that the prison must reject the grievance on procedural grounds in order to rely on that ground in court.

## C. Discussion

The Prison Litigation Reform Act prohibits the filing of lawsuits alleging a violation of federal law "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In 2006, the Supreme Court interpreted this provision to bar suit unless the prisoner presented his grievance to the state administrative appeal system within the deadlines set by the state. *Woodford v. Ngo*, 548 U.S. 81 (2006). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, ----, 127 S. Ct. 910, 923 (2007). The failure to exhaust is an affirmative defense that must be proven by the defendant. *Id.* at 919; *Kramer v. Wilkinson*, 226 F. App'x 461, 462 (6th Cir. Mar. 21, 2007) (holding that failure to exhaust "may serve as a basis for dismissal only if raised and proven by the defendants."). If a prisoner presents both exhausted and unexhausted claims, the Court may proceed to consider the exhausted claims. *Jones*, 127 S. Ct. at 924.

The Michigan Department of Corrections has a policy directive applicable to prisoners who wish to grieve actions taken against them or complain about prison conditions. The policy directive sets forth the three-step process described in detail by the magistrate judge.

The magistrate judge correctly noted that the Court may excuse a prisoner's failure to identify by name a particular defendant in a grievance when it is obvious from the facts alleged in the grievance that the defendant was involved. *See Binion v. Glover*, 2008 WL 4097407, at *4 (E.D. Mich. Aug. 29, 2008). If an untimely grievance is accepted by the prison, any procedural defects

are waived. *See Ellis v. Vadlamudi*, --- F. Supp. 2d ----, 2008 WL 2705503, at *7 (E.D. Mich. Jul. 10, 2008).

The plaintiff alleges that he filed two grievances, and attaches those grievances to his complaint. *See* Compl. ¶ 16. "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (internal quotation omitted). In the Sixth Circuit, "'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "[B]y attaching an exhibit, the pleader often may foreclose recovery on a theory of relief that he claims is available to him since the document itself may reveal the existence of an insurmountable defense." 5A Fed. Prac. & Proc. § 1327; *see also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296-97 (6th Cir. 2008).

Marble objects on the ground that neither grievance exhausted the plaintiff's claims against her. She argues that grievance No. NRF0605057012F was insufficient because she did not work at that facility and that it was not timely filed. Yet the grievance was accepted, thereby curing any defect in timeliness. Moreover, it is premature to assume this fact as true without giving the plaintiff opportunity for discovery.

Marble also objects that the Grievance Number OTF06080056112I fails to exhaust because it does not mention Marble's name. However, if Marble was involved in the situation, then the grievance exhausts as to her. There is a factual issue that cannot be determined solely on the pleadings, and summary judgment is inappropriate because the plaintiff has not had opportunity for discovery. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994). Marble's exhaustion objection therefore will be overruled.

The MDOC defendants object on the grounds that Van Setters was not named in any of the grievances, because her only role was as a Step II respondent. However, MDOC policy states, "A prisoner or parolee whose grievance is rejected may appeal the rejection to the next step as set forth in this policy. A new grievance shall not be filed regarding the rejection." PD 03.02.130(H). The plaintiff appealed Van Setters's rejection of his grievance. It appears that the prison grievance system allowed him to do no more than this. Prisoners do not have to file a futile grievance to exhaust administrative remedies when the prison policy makes the issue non-grievable. *See Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006); *see also* 42 U.S.C. § 1997e(a) (stating that prisoners may not file an action "until such administrative remedies as *are available* are exhausted" (emphasis added)). Like Marble, it is also unclear whether Van Setters had a role in the events grieved, so she is not entitled to judgment at this stage of the proceedings.

Hill objects on the sole ground that he had no involvement with the events grieved related to the plaintiff's request for finger surgery. As is true for the other defendants, this is not apparent from the pleadings, and summary judgment is not appropriate at this time. Hill concedes that the plaintiff "exhausted . . . the pain-medication issue as to Hill." MDOC Obj. at 7. The MDOC defendants' objections on exhaustion grounds, therefore, will be overruled.

II. Failure to state a claim

As the magistrate judge correctly observed, motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure and allow for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* Federal Rule of Civil Procedure 8(a) requires that the complaint give the defendant fair notice of the nature of the claim and the factual grounds upon which it rests. *Twombly*, 127 S.Ct. at 1964. Therefore, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted) (alteration in original). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (1984)); *see also Ana Leon T. v. Fed. Reserve*

*Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review). However, "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Marble's objections and discussion

The magistrate judge concluded that the plaintiff stated a claim against the defendants, including Marble, because he has pleaded allegations, which if taken as true, establish the two components of a deliberate indifference cause of action. Defendant Marble, a nurse practitioner, objects because after reading the complaint, it is entirely unclear to her what the plaintiff's claim against her is. She points out that based on the plaintiff's own statement of the facts, it is evident that she took the action necessary on her part to refer the plaintiff to a surgeon. She contends taht it was other CMS employees who chose not to authorize the referral.

To prove an Eighth Amendment claim alleging deliberate indifference to a prisoner's medical needs, the plaintiff must show a serious medical need and "that an official who actually knew of the serious medical need possessed 'a sufficiently culpable state of mind in denying medical care.'" *Perez v. Oakland County*, 466 F.3d 416, 424 (6th Cir. 2006) (quoting *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005)).

The Sixth Circuit has "observed that '[w]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.'" *Miller*, 408 F.3d 803, 820 (6th Cir. 2005) (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2001)). Mere malpractice is not sufficient to state a claim; however

> a doctor's provision of "grossly inadequate medical care" to an involuntary detainee may amount to deliberate indifference. Grossly inadequate medical care is medical

> care that is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. To ascertain whether a medical care provider rendered grossly inadequate medical care to a detainee, a court must undertake a particularized, fact-specific inquiry.

*Id.* at 819 (internal quotations and citations omitted).

The plaintiff's complaint does not mention Marble by name or by reference, other than listing her name among the defendants, identifying her as "Defendant NRF Medical Staff Provider" and "NRF-MSP." Compl. at 2. NRF is the MDOC designation for Mound Correctional Facility. The complaint is devoid of any allegations against Marble or "NRF Medical Staff Provider." A grievance attached to the complaint states that on April 20, 2006, the plaintiff was seen by "NRF Doctor," and was told that the doctor "would make an appointment for me to see a 'Specialist'. However, even though the aforementioned has occurred, I still have not received the medication that was prescribed to me by the doctor, for pain and other matters associated with my injury." Compl. at 25, 28.

In her objections, Marble contends that she is a nurse at Boyer Road Correctional Facility (i.e., OTF). The complaint does allege some facts against "Defendant OTF Nurse Practitioner:"

> On 8-23-06, The Plaintiff was seen by the OTF nurse practitioner who stated that she sent a referral to corrections medical service (CMS) but they did not aprove [sic] the funds for the plaintiff to [possible missing page]
> to insuer [sic] the plaintiff recived [sic] the proper corective [sic] surgery she stated the plaintiff would recive [sic] but to this date has not, and defendant corrections medical services will not aprove [sic] the nessasry [sic] funds to pay for the nessasry [sic] corrective surgery.

Compl. at 4a & 4c.

No matter how liberally the plaintiff's complaint is construed, there are no factual allegations against Marble that could constitute deliberate indifference. If the Court treated the grievance complaints against NRF doctor as against Marble, it simply states that surgery was ordered, although

the prescription medication ordered was not timely delivered. If the Court treats the complaint's allegations against OTF Nurse Practitioner as against Marble, then the plaintiff states that she requested a referral that was denied by CMS. The plaintiff has not stated any facts that could be read to support a deliberate indifference claim against either defendant, as neither defendant acted with a culpable state of mind when she attempted – but failed for reasons beyond her control – to provide the plaintiff medical care. *See Perez*, 466 F.3d at 424. Although the complaint alleges that the defendants acted with deliberate indifference, mere legal conclusions are insufficient. *See Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (holding that "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to survive a motion to dismiss). Defendant Marble's objections on this ground will be sustained and Marble will be dismissed from the case.

B. MDOC defendants' objections and discussion

The magistrate judge rejected defendant Van Setters's argument that she could not be held liable solely for denying a grievance. The magistrate judge disagreed with that premise, finding instead that if the decision maker were a medical professional reviewing the recommendations of other medical professionals, there might be liability. Here, it is unclear whether the Van Setters is a medical professional. Moreover, one of the pages of the plaintiff's complaint was missing, and that page likely contains all the allegations against Van Setters. The magistrate judge noted, "Strictly speaking, there are *no* specific allegations made against defendant Van Setters in the body of the complaint." Rep. & Rec. at 37. But he concluded that the plaintiff should be able to amend to furnish the missing information.

Van Setters objects on the grounds that the magistrate judge improperly concluded that a person may be held liable for merely authoring a grievance response, and therefore any amendment to the plaintiff's complaint would be futile.

The Sixth Circuit has explained that individuals who respond to a grievance are generally not liable under section 1983:

> Defendants Crosley, Hambrick, Henry, Miner and Luttrell argue that they were not involved in Shehee's termination from his commissary job and that their only roles in this action involve the denial of administrative grievances or the failure to act; thus, they cannot be liable under § 1983. We agree. . . . In the present case, Shehee's only allegations against Crosley, Hambrick, Henry and Miner involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior. . . . There is no allegation that any of these defendants directly participated, encouraged, authorized or acquiesced in the claimed retaliatory acts against Shehee, nor is there any evidence that these defendants violated Shehee's right to equal protection under the law. Accordingly, we hold that as a matter of law Crosley, Hambrick, Henry, Miner and Luttrell neither committed a constitutional violation nor violated a clearly established right to which Shehee was entitled.

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

But contrary to the argument raised in the defendant's objections, *Shehee* does not control this case, as it did not deal with a failure to provide medical care. Although failure to remedy retaliatory behavior is not a constitutional violation in itself, an official who "knows of and disregards an excessive risk to inmate health or safety" may be liable under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). One who rejects a grievance conceivably could qualify, under some set of circumstances, as deliberately indifferent. There is no case that exempts a prison official who was deliberately indifferent to a serious medical need from liability simply because he occupies the position of supervisor or grievance respondent.

Nonetheless, here, as the magistrate judge noted, the plaintiff has failed to provide any allegations against defendant Van Setters in his complaint. The magistrate judge was compelled to

conclude that the plaintiff failed to state a claim against Van Setters, but suggested that the he be permitted to amend his complaint. As shown above, the plaintiff may be able to amend his complaint to state a claim against Van Setters, and the defendant's objections to the contrary will be overruled.

Generally, permitting the plaintiff to amend his complaint following the screening process required by 28 U.S.C. §§ 1915(e)(2) and 1915A is not allowed under the PLRA. *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). Under Sixth Circuit precedent, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (applying 28 U.S.C. §§ 1915(e)(2) and 1915A), *abrogated on other grounds by Jones*, 549 U.S. 199; *see also Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002), *abrogated on other grounds by Jones*, 549 U.S. 199. *Contra Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (holding that nothing in the PLRA alters the usual rule permitting amendment of the complaint post-dismissal, including when a complaint is *sua sponte* dismissed under the PLRA's screening requirements ). It appears that this holding has not been expressly extended to situations where the court dismisses the plaintiff's complaint on a motion to dismiss.

The pre-screening bar will not prohibit an amendment here, especially when it appears that the plaintiff may have included other allegations in the part of his complaint that has been lost. Therefore, the magistrate judge's order permitting an amendment will not be disturbed.

III. Plaintiff's objections

A. Validity of plaintiff's objections

The plaintiff also filed objections to the report and recommendation. As an initial matter, defendant CMS filed a response to the plaintiff's objections arguing that the plaintiff failed to file specific objections, and the objections were untimely. It argues that, although the objections are dated August 29, 2008, the defendant did not receive the objections in the mail until September 5, 2008, and they were due on September 3, 2008. The defendant is incorrect on both counts.

Although it is true that general or conclusory objections to a report and recommendation do not qualify as valid objections, *Miller*, 50 F.3d at 380, the plaintiff's objections are clearly valid. "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Ibid.* The plaintiff's arguments raise issues in an understandable way for the Court to consider when reviewing the magistrate judge's report and recommendation. The rules require nothing more.

Moreover, the plaintiff's objections are timely. When a case involves a prisoner, a motion or objection is "deemed filed when the inmate gives the document to prison officials to be mailed." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir.1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Courts in the Sixth Circuit apply the rule – known as the "prison mailbox rule"– in civil matters when a *pro se* plaintiff is incarcerated at the time of filing. *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that a complaint placed in the prison mail system before the expiration of a statute of limitations tolled the applicable limitation). The plaintiff dated his objections on August 29, 2008, and presumably placed the document in the prison mail system at that time. As the defendant concedes, this is within the ten-day time limit.

The defendant also apparently miscalculated the day that the objections were due. The report and recommendation was filed on August 19, 2008. The ten-day period for objections began to run on the following day. *See* Fed. R. Civ. P. 6(a)(1). Excluding holidays and weekends, *see* Fed. R. Civ. P. 6(a)(2), ten days elapsed on September 3, 2008. However, "3 days are added after the period would otherwise expire" when service is made by mailing a copy to the defendant. *See* Fed. R. Civ. P. 6(d); *see also* Fed. R. Civ. P. 5(b)(2)(C). Three days after September 3, 2008, excluding weekend days, means that the plaintiff's objections were due September 8, 2008. The plaintiff's objections were received by the Court on September 5, 2008. Even without giving the plaintiff the benefit of the prison mailbox rule, the plaintiff's objections were timely.

B.  Substance of the plaintiff's objections

The magistrate judge concluded that the plaintiff pleaded only *respondeat superior* liability against CMS, which is insufficient to make out a claim against a governmental institution under 41 U.S.C. § 1983. The magistrate judge recommended dismissal against CMS because the plaintiff failed to allege any pattern, policy, or practice of CMS that violated his constitutional rights.

The plaintiff objects, arguing that he is not merely alleging a difference of opinion as to the medical treatment, but that he "never received treatment for his injury, and the recommended surgery was never performed." Pl.'s Obj. at 2. He says that the CMS personnel were aware of the plaintiff's situation, and in spite of the recommendation of a qualified orthopedic specialist, who recommended surgery to repair plaintiff's deformed finger, they chose to deny the referral in an effort to avoid the cost of surgery. The plaintiff does not appear to respond further to the substance of the magistrate judge's conclusion on this issue.

In order to succeed on a claim under § 1983, the plaintiff must prove (1) that there was a deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under of color of state law. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). There is no dispute that CMS and its employees were acting under color of state law. *See Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) ("It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

In *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978), the Supreme Court held that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. However, "[a] municipality may be liable under Section 1983 for actions of its authorized policymakers 'where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Adair v. Charter County of Wayne*, 452 F.3d 482, 493 (6th Cir. 2006) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). A policymaker is the final authority if his "'decisions are final and unreviewable and are not constrained by the official policies of superior officials.'" *Ibid.* (quoting *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)). A final policymaker is more than a final decisionmaker; a final policymaker is charged with the duty to "'formulate[ ] plans for the implementation of broad goals.'" *Miller v. Calhoun County*, 408 F.3d 803, 814 (6th Cir. 2005) (alteration in original) (quoting *Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 376 (6th Cir. 2002)). *Monell*'s limitation on vicarious liability has been applied to private

corporations by the Sixth Circuit. *Street v. Corrections Corporation of America*, 102 F.3d 810, 818 (6th Cir. 1996).

The magistrate judge correctly concluded that the plaintiff's complaint does not allege a policy or practice by CMS that could subject it to liability as required by *Monell*. On the other hand, the complaint (including the attached grievances) plainly states that the plaintiff suffered a crush injury while in state custody, the injury required surgery, a medical professional recommended surgery, *someone* at CMS refused to give the plaintiff the medical treatment he needed, and now he has a permanent deformity to his hand. The complaint states a colorable claim that deserves further review.

The Sixth Circuit has held in similar circumstances that it is appropriate to allow an amendment in order to permit the case to go forward against the proper parties. In *Berndt v. State of Tenn.*, 796 F.2d 879 (6th Cir. 1986), when a *pro se* plaintiff mistakenly named the State of Tennessee as a defendant, but the legal claims he raised implicated other defendants, the Sixth Circuit held that, in light of his "substantially cognizable claims," "[i]t would be a miscarriage of justice to preclude this pro se plaintiff from seeking redress for his alleged injuries on a procedural defect, particularly when the complaint, in substance, clearly indicates that the staff and authorities of LMHI are the real parties-defendants." *Berndt*, 796 F.2d at 882. Here, the plaintiff complains that his referral for surgery was denied by an unknown CMS official. A non-physician prison official may not disregard the recommendation of a physician without creating a fact question as to deliberate indifference. *Scicluna v. Wells*, 345 F.3d 441, 445 (6th Cir. 2003); *see also Jett v. Penner*, 439 F.3d 1091, 1097 (9th Cir. 2006); *Johnson v. Wright*, 412 F.3d 398, 405-06 (2d Cir. 2005). Even

if the official who ordered the denial is a physician, a physician cannot ignore the recommendation of a prior treating physician for non-medical reasons, such as cost. *Jett*, 439 F.3d at 1097.

Although the magistrate judge was correct that the complaint fails as to CMS itself, the plaintiff will be permitted to amend the complaint to name as a defendant the decision maker who denied the plaintiff his surgery.

## IV. Conclusion

The Court agrees with the magistrate judge that the exhaustion rule does not bar the plaintiff's complaint, and that the plaintiff has stated a claim for relief against some of the defendants. The Court finds that the complaint should be dismissed as to defendants Marble and CMS, but the plaintiff should be able to amend to plead against defendant Van Setters and the proper CMS representative individually. Because the plaintiff's claim has colorable merit, and the plaintiff is indigent and untrained in the law, the Court will refer the matter to the Court's *pro bono* committee for the appointment of *pro bono* counsel for the plaintiff.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #37] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that defendant CMS's objections to the magistrate judge's report and recommendation [#38] are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that defendant MDOC's objections to the magistrate judge's report and recommendation [#39] be **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that defendant CMS shall file a statement with the Court identifying the person or persons who participated in the decisions regarding the plaintiff's medical treatment

for his finger injury while at the Mound Correctional Facility and the Boyer Road Correctional Facility. The statement must be filed within the time set by the magistrate judge.

It is further **ORDERED** that, subject to the disclosure order, the CMS Defendants' motion to dismiss [#18] is **GRANTED**.

It is further **ORDERED** that the MDOC defendants' motion to dismiss [#23] is **GRANTED IN PART AND DENIED IN PART**. The plaintiff may proceed against defendant Hill and may amend within the time to be set by the magistrate judge to proceed against defendant Van Setters.

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation [#40] are **OVERRULED**. However, the plaintiff may amend his complaint within the time to be set by the magistrate judge to name as defendant(s) in lieu of CMS the employees of CMS who participated in the decisions regarding the plaintiff's medical treatment for his finger injury while at the Mound Correctional Facility and the Boyer Road Correctional Facility.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt #21] to conduct all pretrial matters and ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 17, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 17, 2008.

                                        s/Felicia M. Moses
                                        FELICIA M. MOSES