UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE CALHOUN,<br><br>    Plaintiff,<br><br>vs.<br><br>LAVERN HILL, DIANA MARBLE,<br>JULIE VAN SETTERS, OTF, and<br>CORRECTIONAL MEDICAL<br>SERVICE, INC.,<br><br>    Defendants.<br>_____/ | Case No. 07-11613<br><br>David M. Lawson<br>United States District Judge<br><br>Michael Hluchaniuk<br>United States Magistrate Judge |

**ORDER FOR PLAINTIFF TO**
**FILE AMENDED COMPLAINT**

Plaintiff, Willie Calhoun, is a prisoner in the custody of the State of Michigan. (Dkt. 1). Pursuant to 42 U.S.C. § 1983, plaintiff filed a complaint against defendants on April 10, 2007, alleging that they violated his constitutional rights. *Id*. Plaintiff sought to proceed under 28 U.S.C. § 1915(a), which allows a party to file a complaint without payment of customary court fees. (Dkt. 2). On April 16, 2007, plaintiff's application to proceed *in forma pauperis* was granted. (Dkt. 3). District Judge David M. Lawson referred this matter to Magistrate Judge

1

Paul J. Komives for all pre-trial matters on October 3, 2007. (Dkt. 20). On January 14, 2008, this matter was reassigned to the undersigned. (Dkt. 26).

Defendant Correctional Medical Services, Inc. and its employee (Diana Marble) (the CMS defendants) filed a motion to dismiss, and in the alternative, for summary judgment, on October 2, 2007. (Dkt. 18). The defendants employed by the Michigan Department of Corrections (the MDOC defendants) filed a motion to dismiss, and in the alternative, for summary judgment, on November 7, 2007. (Dkt. 23). On August 19, 2008, the undersigned issued a Report and Recommendation recommending that: (1) all defendants' motions to dismiss and/or for summary judgment on the issue of exhaustion be denied; (2) defendant CMS's motion to dismiss for failure to state a claim be granted; (3) defendant Marble's motion to dismiss for failure to state a claim be denied; (4) defendant Hill's motion to dismiss for failure to state a claim be denied; (5) defendant Van Setter's motion to dismiss for failure to state a claim be granted; and (6) plaintiff should be permitted an opportunity to amend his complaint as to defendant Van Setters. (Dkt. 37).

On September 17, 2008, Judge Lawson issued an Opinion and Order adopting the Report and Recommendation, in part. (Dkt. 42). Judge Lawson

ordered defendant CMS to file a statement with the Court identifying the person or persons who participated in the decisions regarding the plaintiff's medical treatment for his finger injury while at the Mound Correctional Facility and the Boyer Road Correctional Facility. (Dkt. 42, p. 19). Judge Lawson also granted the CMS Defendants' motion to dismiss, subject to the disclosure order. *Id*. Judge Lawson granted the MDOC defendants' motion to dismiss in part, and denied it in part. He ordered that plaintiff may proceed against defendant Hill and may amend within the time to be set by the undersigned to proceed against defendant Van Setters. Judge Lawson also ordered that plaintiff may amend his complaint within the time to be set by the undersigned to name as defendants, in lieu of CMS, the employees of CMS who participated in the decisions regarding the plaintiff's medical treatment for his finger injury while at the Mound Correctional Facility and the Boyer Road Correctional Facility. *Id*.

On October 13, 2008, the CMS defendants filed a statement identifying the persons who participated in plaintiff's medical care. (Dkt. 43). Now that CMS has complied with its obligation to provide this statement to the Court, pursuant to Judge Lawson's September 17, 2008 Opinion and Order, CMS has been dismissed from this case. Plaintiff must now file an amended complaint, within 30 days of

entry of this Order, setting forth his claims against defendant Hill and, consistent with Judge Lawson's September 17, 2008 Opinion and Order, setting forth his amended claims against defendant Van Setters, and setting forth any claims he has against the persons identified in the October 13, 2008 statement (Dkt. 43). The Court takes this opportunity, however, to caution plaintiff that his amended complaint must comply with certain federal rules of civil procedure:

    1.    The amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must ... reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

    2.    The amended complaint must also comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also, League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not

be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

3. Finally, plaintiff must be mindful that Rule 11 applies to his amended complaint and failure to heed the federal rules of civil procedure could result in sanctions, including dismissal of his complaint. In filing his amended complaint, plaintiff will be representing to the Court that, to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) [the proposed amended complaint] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims ... and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

*See e.g. Jackson v. Hanson*, 1991 WL 3056, *1 (7th Cir. 1991) ("Prisoners proceeding IFP are not immune from Rule 11.").

Based on the foregoing, plaintiff must submit his amended complaint, consistent with Judge Lawson's September 17, 2008 Opinion and Order, within 30 days of entry of this Order.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: October 29, 2008             s/Michael Hluchaniuk
                                                              Michael Hluchaniuk
                                                              United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

  I hereby certify that on October 29, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, Kimberley A. Koester, Clifton B. Schneider, and Carly A. Van Thomme, and I hereby certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following addresses: Willie Calhoun, # 315974, Camp Cusino, N5398 Percy Road, Shingleton, MI 49884, and Willie Calhoun, #315974, Ojibway Correctional Facility, N5705 Ojibway Road, Marenisco, MI 49947-9771.

*The court docket reflects that the plaintiff's address is the Camp Cusino Correctional Facility. However, a check with the Michigan Department of Corrections prisoner tracking system indicates that the plaintiff is currently located at the Ojibway Correctional Facility.

               s/James P. Peltier
               Courtroom Deputy Clerk
               U.S. District Court
               600 Church Street
               Flint, MI 48502
               (810) 341-7850
               pete_peltier@mied.uscourts.gov